[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12446
Non-Argument Calendar
_____

D.C. Docket No. 6:06-cr-00178-GAP-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LETARIUS R. JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 13, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Letarius Johnson, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 120-month prison term based on Amendment 750 to the Sentencing Guidelines, which revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1. See U.S.S.G. App. C, amend. 750 (Nov. 2011). Among other things, Defendant Johnson does not dispute that his prior convictions qualify him as a career offender under U.S.S.G. § 4B1.1. After review, we affirm.[1]

## I.  SECTION 3582(c)(2)

Pursuant to § 3582(c)(2), the district court may reduce a defendant's prison term if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (providing that a

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (quotation marks omitted).

§ 3582(c)(2) reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guidelines range").

A sentence reduction is not authorized if the amendment does not lower the defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A). As such, when a crack cocaine defendant's offense level was determined by the career offender provision, U.S.S.G. § 4B1.1, rather than § 2D1.1(c), the defendant is not eligible for a § 3582(c)(2) reduction based on amendments to the crack cocaine offense levels in § 2D1.1(c) because those amendments did not lower the sentencing range upon which the defendant's sentence was based. Moore, 541 F.3d at 1327 (involving Amendment 706).

## II.  JOHNSON'S ORIGINAL SENTENCE

At his sentencing, Johnson was designated a career offender, and his base offense level of 37 was based on U.S.S.G. § 4B1.1, not on the drug quantity tables in U.S.S.G. § 2D1.1(c). After a three-level reduction for acceptance of responsibility, Johnson's total offense level was 34. With a criminal history category of VI, Johnson's advisory guidelines range was 262 to 327 months' imprisonment.

The district court, however, granted Johnson two downward departures: (1) a five-offense-level downward departure under U.S.S.G. § 5K1.1 for substantial

assistance; and (2) a one-criminal-history-category downward departure under U.S.S.G. § 4A1.3(b) because his criminal history category over-represented his criminal history. These two departures changed Johnson's advisory guidelines range to 140 to 175 months.

The district court then granted Johnson a downward <u>variance</u> from that 140-to-175-months range and imposed a 120-month sentence. Johnson did not appeal his 120-month sentence.

## III.  JOHNSON'S § 3582(c)(2) MOTION BASED ON AMENDMENT 750

In December 2011, Johnson filed a § 3582(c)(2) motion seeking a further reduction of his sentence based on Amendment 750, which the district court denied.

Because Johnson was designated a career offender, we agree with the district court that Amendment 750 did not have any effect on Johnson's offense level or his applicable guidelines range of 262 to 327 months. Thus, under <u>Moore</u>, the district court did not have the authority to grant Johnson's § 3582(c)(2) motion. <u>See Moore</u>, 541 F.3d at 1327-28. Although Johnson argues that <u>Moore</u> was abrogated by the Supreme Court's recent decision in <u>Freeman v. United States</u>, 564 U.S. ___, 131 S. Ct. 2685 (2011), this Court has rejected this argument. <u>See</u> <u>United States v. Lawson</u>, 686 F.3d 1317, 1320-21 (11th Cir.), <u>cert. denied</u>, __ U.S.

4

__, 133 S. Ct. 568 (2012) (concluding that, even after Freeman, Moore remains binding precedent in our Circuit).

We recognize that Johnson also argues that, despite his admitted career offender status, he is still eligible for a § 3582(c)(2) reduction because his ultimate 120-month sentence was not "based on" his career offender range of 267 to 327 months. Johnson calculates what his original base offense level and guidelines range would have been, not as a career offender, but under the drug quantity tables in § 2D1.1(c). Johnson calculates his base offense level as 30 under the drug quantity tables, which, with his acceptance of responsibility reduction and his original criminal history category of V, yields an original advisory guidelines range of 120 to 150 months. Johnson argues that by granting him two downward departures and a downward variance and ultimately sentencing him within that 120-to-150-month range, the sentencing court implicitly found that Johnson was not a career offender, and thus he should benefit from Amendment 750.

Johnson's argument lacks merit for several reasons. First, Johnson's argument ignores his status as a career offender, which was the basis of his 262 to 327 month advisory guidelines range. The only way Johnson got the 120-month sentence was due to downward departures and a variance. Second, and in any event, under the commentary to U.S.S.G. § 1B1.10, the "applicable guideline range" that must be lowered in order to be eligible for a § 3582(c)(2) reduction is

5

"the guideline range that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision in the Guidelines Manual or any variance." See U.S.S.G. § 1B1.10, cmt. n.1(A) (emphasis added); see also 18 U.S.C. § 3582(c)(2) (requiring any reduction to be "consistent with applicable policy statements issued by the Sentencing Commission").[2]

Third, we also reject Johnson's argument that he falls within any potential exception discussed in dicta in Moore.[3] Here, Johnson's § 4A1.3(b) criminal history downward departure was not to his offense level, but to his criminal history category. Thus, the possible exception discussed in Moore does not apply to Johnson. See Moore, 541 F.3d at 1329-31. In any event, Moore was decided in 2008, and the guidelines commentary, effective November 1, 2011, makes clear that to be eligible for a § 3582(c)(2) reduction, the amendment must lower the guidelines range determined before any departure or variance. See U.S.S.G. § 1B1.10, cmt. n.1(A).

---

[2] The Sentencing Commission amended the commentary to U.S.S.G. § 1B1.10 in Amendment 759, effective November 1, 2011, before Johnson's § 3582(c)(2) motion was filed in December 2011. U.S.S.G. App. C, amend. 759 (Nov. 2011).

[3] There is a threshold question of whether Moore created any exception to the general rule that crack cocaine defendants sentenced as career offenders are ineligible for § 3582(c)(2) sentence reductions based on recent amendments to the crack cocaine offense levels in § 2D1.1(c), such as Amendments 706 and 750. Moore simply distinguished two district court cases in other Circuits in which career-offender defendants received § 4A1.3 criminal history downward departures that directly reduced their offense levels (not their criminal history category) and also received § 3582(c)(2) sentence reductions based on Amendment 706. See Moore, 541 F.3d at 1329-31.

In sum, because Johnson's advisory guidelines range was based on his career offender status, Johnson's sentence was not "based on" a subsequently lowered sentencing range, as required by § 3582(c)(2).  Accordingly, the district court lacked the authority to grant Johnson's § 3582(c)(2) motion.

**AFFIRMED.**